IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ABINGDON DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA**, ) | |
| ) | |
| Plaintiff, ) | Case No. 1:06CR00049 |
| ) | |
| v. ) | **2255 OPINION** |
| ) | |
| **ERICA MICHELLE SMITH**, ) | By: James P. Jones |
| ) | Chief United States District Judge |
| Defendant. ) | |

The defendant, a federal inmate proceeding pro se, has filed a Motion to Vacate, Set Aside, or Correct Sentence, pursuant to 28 U.S.C.A. § 2255 (West 2006). Upon review of the motion and court records, I find that the § 2255 Motion must be summarily denied as it fails to state any ground for relief.

To state a claim for relief under § 2255, a federal defendant must prove that one of the following occurred: (1) his sentence was "imposed in violation of the Constitution or laws of the United States"; (2) that "the court was without jurisdiction to impose such a sentence"; or (3) that "the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). In a § 2255 Motion, the defendant bears the burden of proving grounds for a

collateral attack by a preponderance of the evidence. *Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958) (per curiam).

Defendant Erica Smith pleaded guilty, pursuant to a written Plea Agreement, to one count of conspiracy to distribute narcotics and was sentenced to serve a term of 72 months imprisonment. I entered Judgment against her on May 30, 2007. She did not appeal. Smith filed an executed § 2255 form in June 2008, in which she alleged only the following vague grounds for relief: (1) "ineffective council [sic]" and (2) "unlawful sentencing." In the section of the form in which the defendant should state supporting facts for each claim, she merely stated, "SEE SUPPORTING BRIEF." No brief was submitted with the § 2255 form, however. Smith did not state any specific action by counsel that she believed was ineffective or any specific aspect of the calculation of her sentence that was unlawful. Smith moved for an extension of ninety (90) days in which to submit a brief in support of her claims. The court granted the extension, but warned her that any claims raised in such a memorandum would likely be untimely, pursuant to § 2255(f). In early October 2008, Smith moved for another extension. By order entered October 9, 2008, the court granted an extension until December 1, 2008, and also notified Smith that no additional extensions of time would be granted; this order also suggested that Smith could move for voluntary dismissal of this case without prejudice, which would leave her free

-2-

Case 1:06-cr-00049-JPJ-PMS   Document 292   Filed 12/29/08   Page 2 of 4   Pageid#: 674

later to file a § 2255 motion based on future changes in the law or discovery of new facts that might allow her to overcome the statute of limitations in § 2255(f).

On November 21, 2008, the court received Smith's third Motion asking for more time to submit a memorandum in support of her claims. In support of the Motion, she stated that by letter dated November 17, 2008, she had requested copies of documents from her criminal file from her attorney that she would need in order to prepare her memorandum in support of the § 2255 claims. She offered no explanation whatsoever for her failure to request these documents from counsel last June or earlier, as they are clearly relevant to the claims that she identified in the § 2255 motion, By order entered November 24, 2008, the court denied the Motion and notified Smith that if the court did not receive (a) a memorandum in support of the § 2255 motion or (b) a motion for voluntary dismissal of this action, postmarked on or before December 1, 2008, the court would deny the § 2255 action for failure to state a claim.

I have reviewed the record carefully. Smith simply has not stated any facts in support of her claims. She has also failed to offer any excuse for failing to submit her Memorandum in Support of her claims within the time granted to her by the court. Therefore, I must address her § 2255 Motion as it is. From her vague, conclusory assertions alone, I cannot find by a preponderance of the evidence that counsel was

-3-

ineffective or that her sentence was improper. Accordingly, I find that her § 2255 Motion must be denied for failure to state a claim for relief under that statute.

A separate Final Order will be entered herewith.

ENTER: December 29, 2008

/s/ JAMES P. JONES
Chief United States District Judge